IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID LEE HUDDLESTON,

        Plaintiff,

v.                                                                                                No. 2:18-cv-01075-JB-KRS

SUSANA MARTINEZ, et al.,

        Defendants.

## ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS

**THIS MATTER** comes before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis*, Doc. 2, filed November 16, 2018 ("IFP Motion"), and on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5, filed December 7, 2018 ("Application").

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.*

at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and declared under penalty of perjury that the following information is true: (i) The average monthly income amount during the past 12 months for Plaintiff and his spouse is $0.00; (ii) Plaintiff and his spouse are unemployed; (iii) The average monthly expenses for Plaintiff is $10,000 for medical and dental expenses; (iv) The average monthly total for rent, food and motor vehicle expenses for Plaintiff's spouse total $1,200.00; and (v) Plaintiff and his spouse have no cash and no money in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he and his spouse have no income, are unemployed and have no cash or money in bank accounts.

The Court ordered Plaintiff to file the Application because Plaintiff's IFP Motion did not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees. *See* Order to Cure Deficiency, Doc. 4, filed November 20, 2018. Because it is granting Plaintiff's Application, the Court will deny Plaintiff's IFP Motion as moot.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5, filed December 7, 2018, is **GRANTED.**

(ii) Plaintiff's Motion to Proceed *In Forma Pauperis*, Doc. 2, filed November 16, 2018, is **DENIED as moot.**

_____
**UNITED STATES MAGISTRATE JUDGE**