# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID LEE HUDDLESTON,

      Plaintiff,

vs.                                                         Case No. 2:18-cv-01075 KWR/KRS

SUSANA MARTINEZ,
JOHN MONFORTE, and
ANTHONY MOYA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the Defendants' Motion to Dismiss for Failure to State a Claim, filed on February 26, 2020 (**Doc. 45**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is well-taken in part and therefore is **GRANTED**. Plaintiff's complaint is dismissed for lack of jurisdiction and a separate judgment closing this case will be entered.

## BACKGROUND

Plaintiff proceeds *pro se* and is a tax protester. It is difficult to discern Plaintiff's precise claims, and his pleadings are nonsensical and contradictory. However, in reviewing his complaint (**Doc. 1**) and subsequent pleadings (*e.g.,* **Docs. 46-51**), he ultimately appears to challenge the process in which his income taxes were assessed and collected by officers or employees of the State of New Mexico, and ultimately the validity of his tax debt. He appears to assert that Defendants violated the New Mexico statutes, the tax code, and United States Constitution in the manner they assessed taxes against him and levied his bank account. He alleges that in failing to

follow the statutes or tax code, Defendants committed fraud, extortion, Title 18 RICO, and violated his due process rights under the Fourteenth Amendment.

He asks this Court to enjoin the Defendants or New Mexico Taxation and Revenue Department from collecting tax debts or enforcing a levy on his bank account and asks for $1 million in damages. **Doc. 46. at 3.** Plaintiff asserts that Defendants have unlawfully applied the New Mexico tax code. **Doc. 51.** He further alleges that he has requested documents from the Defendants related to how they made their decision, and those documents were not provided in violation of his *Brady* rights.

Defendants filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. This motion is fully briefed and is now ready for decision.

## LEGAL STANDARD

Defendants seek to dismiss this case under Fed. R. Civ. P. 12(b)(6). Fed. Civ. P. Rule 8(a)(2) requires a complaint to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "a court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Moss v. Kopp*, 559 F.3d 1155, 1159 (10th Cir. 2010). "To withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

However, subject matter jurisdiction is analyzed under a different framework pursuant to Fed. R. Civ. P. 12(b)(1). *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), citing *Holt v. United States,* 46 F.3d 1000, 1002–03 (10th Cir.1995).

When a party proceeds *pro se*, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [Petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d at 1110. The Court will not, however, "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

## DISCUSSION

Although the Plaintiff's precise claims are unclear, Plaintiff ultimately asks the Court to restrain the Defendants from assessing or collecting taxes. He challenges the validity of the assessment and levy, and the procedure in which the taxes were assessed and levy issued. The Court lacks jurisdiction to hear these claims, as explained below.

This Court has the duty to *sua sponte* examine its own jurisdiction. *Lopez v. Behles (In re Am. Ready Mix, Inc.),* 14 F.3d 1497, 1499 (10th Cir.1994), *cited in Heuser v. San Juan Cty. Bd. of Cty. Comm'rs*, 162 F. App'x 807, 809 (10th Cir. 2006). Moreover, the Court granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. **Doc. 26.** Section 1915 requires

that the Court "shall dismiss the case at any time" if the action is frivolous, fails to state a claim, or seeks monetary relief against a defendant who is immune form such relief. §1915(e)(2).

The Tax Injunction Act (the "TIA") provides that the "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA "operates to divest the federal courts of subject matter jurisdiction over claims challenging state taxation procedures where the state courts provide a plain, speedy and efficient remedy." *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

The TIA imposes a "broad limitation on federal court interference with state collection of taxes [and] is not limited to injunctive relief. The Tax Injunction Act bars declaratory relief, and suits for damages as well." *Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir. 1986) (internal citations omitted). This also applies to civil rights and constitutional claims. *Id.* ("We agree with the courts that have held the Tax Injunction Act bars a civil rights action."); *see also Heuser v. San Juan Cty. Bd. of Cty. Comm'rs*, 162 F. App'x 807, 809 (10th Cir. 2006) (comity and TIA bars federal courts from exercising jurisdiction over 1983 damages claim where taxpayer asserted tax hearing lacked due process); *Lister v. Utah State Tax Comm'n.*, 167 F. App'x 34, 36 (10th Cir. 2006) ("It forbids not only injunctive relief, but also declaratory and monetary relief.")

The purposes of the TIA are "to promote comity and to afford states the broadest independence, consistent with the federal constitution, in the administration of their affairs, particularly revenue raising." *Marcus,* 170 F.3d at 1309 (10th Cir. 1999) (quoting *Wright v. McClain*, 835 F.2d 143, 144 (6th Cir. 1987). Thus, the Tax Injunction Act "operates to divest the federal courts of subject matter jurisdiction over claims challenging state taxation procedures where the state courts provide a plain, speedy and efficient remedy." *Id.*

Reviewing the record and Plaintiff's many pleadings, Plaintiff clearly attacks the procedure or manner in which Defendants assessed and collected taxes against him, and ultimately the validity of the taxes assessed. He seeks to enjoin the Defendants from collecting the taxes. He also seeks monetary damages for alleged violations of state or constitutional law based on the alleged improper assessment and collection. Therefore, the Court concludes that the Tax Injunction Act divests the Court of subject matter jurisdiction over his claims. *See, e.g., Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir. 1986) (action asserting damages, injunctive relief and declaratory relief under § 1983 for seizure of untaxed cigarettes barred by TIA); *Heuser v. San Juan Cty. Bd. of Cty. Comm'rs*, 162 F. App'x 807, 809 (10th Cir. 2006) (§ 1983 suit alleging constitutional violations in assessment of property tax, including due process violation during tax hearing, barred for lack of jurisdiction under Tax Injunction Act.); *Prather v. Hedgecoth*, 378 F. App'x 805, 806 (10th Cir. 2010) (§ 1983 suit alleging state defendants violated his equal protection and due process rights, fraud, and negligence claims over flawed tax assessment and hearing barred under Tax Injunction Act and Sovereign Immunity); *Lister v. Utah State Tax Comm'n.*, 167 F. App'x 34, 35 (10th Cir. 2006) (§ suit asserting that state commission lacked authority to determine his residence and to invalidate state order obligating him to pay state income tax barred under Tax Injunction Act); *see also Snodgrass v. City of Wichita, Kansas*, No. 18-1231-JWB, 2018 WL 6019344, at *2 (D. Kan. Nov. 15, 2018) (action for a refund of tax payments barred by Tax Injunction Act); *Schueller v. Martinez-Coplen*, No. CV 04-0616 MV/WDS, 2005 WL 8164211, at *2 (D.N.M. Mar. 24, 2005) (concluding that Taxpayer Injunction Act barred claim that Defendants' method of assessing and collecting taxes violated due process of Fourteenth Amendment).

Moreover, there is clearly a "plain, speedy, and efficient" state remedy. Here, Plaintiff administratively challenged the tax assessment, and he appealed to the New Mexico Court of Appeals. That court rejected his challenge, finding no error in the administrative proceeding. *Huddleston v. New Mexico Taxation & Revenue Dep't*, No. 35,397, 2017 WL 2115792, at \*1 (N.M. Ct. App. Apr. 11, 2017). Moreover, Plaintiff could bring these state law and constitutional claims in state court as well. *See McNary*, 454 U.S. at 116 (adequacy of state remedies was not an issue where the state supreme court "has expressly held that plaintiffs such as petitioners may assert a § 1983 claim in state court."); *Perez v. Ellington*, No. CV 03-0361 JP/LFG, 2006 WL 8444152, at \*2 (D.N.M. May 4, 2006).

To the extent Plaintiff sues Defendants in their official capacity as state officials, the Eleventh Amendment also bars suit in federal court. *See, e.g., Prather v. Hedgecoth*, 378 F. App'x 805, 807 (10th Cir. 2010) ("Our review reveals no coherent argument against the State defendants' entitlement to immunity from suit under the Eleventh Amendment—immunity that extends to the State's individual officers in their official capacities."), *citing Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.").

## CONCLUSION

For the reasons stated above, the Court lacks subject matter jurisdiction over Plaintiff's claims under the Tax Injunction Act and related principles of comity. Therefore, the Court dismisses this case without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss **(Doc. 45)** is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FINALLY ORDERED** that all other motions and requests for relief are **DENIED**.

A separate judgment will be issued.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE