# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID LEE HUDDLESTON,

    Plaintiff,

vs.                                                                          Case No. 2:18-cv-01075 KWR/KRS

SUSANA MARTINEZ,
JOHN MONFORTE, and
ANTHONY MOYA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the Plaintiff's Objection to Order and Decree, filed on April 6, 2020 (**Doc. 58**). The Court dismissed Plaintiff's complaint for lack of jurisdiction under the Tax Injunction Act. **Docs. 54, 55.** Plaintiff filed this objection in response, asserting that the Court misconstrued his complaint.

Plaintiff's objection was filed within twenty-eight days of the entry of judgment, therefore the Court construes it as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). However, a motion to alter or amend judgment is inappropriate if it relitigates the same issues, presents new theories, introduces previously available evidence that was not proffered, or reargues the merits. *See id.*

Plaintiff now argues that this case has "never been about taxes," but requests reimbursement for what was "taken from him." **Doc. 58.** He also alleges that Defendants violated

the rules of the Taxation and Revenue Department. *Id.* Even in his objection, it is clear that Plaintiff argues that Defendants violated "rules/law/statutes" and their "oath of office" in the context of his dispute over tax collection. *Id.*

The law is clear that alleged constitutional violations and state law claims arising from tax proceedings or collections are barred in Federal court under the Tax Injunction Act, 28 U.S.C. § 1341. *See, e.g., Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir. 1986) (action asserting damages, injunctive relief and declaratory relief under § 1983 for seizure of untaxed cigarettes barred by TIA); *Heuser v. San Juan Cty. Bd. of Cty. Comm'rs*, 162 F. App'x 807, 809 (10th Cir. 2006) (§ 1983 suit alleging constitutional violations in assessment of property tax, including due process violation during tax hearing, barred for lack of jurisdiction under Tax Injunction Act.); *Prather v. Hedgecoth*, 378 F. App'x 805, 806 (10th Cir. 2010) (§ 1983 suit alleging state defendants violated his equal protection and due process rights, fraud, and negligence claims over flawed tax assessment and hearing barred under Tax Injunction Act and Sovereign Immunity); *Lister v. Utah State Tax Comm'n.*, 167 F. App'x 34, 35 (10th Cir. 2006) (§ 1983 suit asserting that state commission lacked authority to determine his residence and to invalidate state order obligating him to pay state income tax barred under Tax Injunction Act); *Schueller v. Martinez-Coplen*, No. CV 04-0616 MV/WDS, 2005 WL 8164211, at *2 (D.N.M. Mar. 24, 2005) (concluding that Taxpayer Injunction Act barred claim that Defendants' method of assessing and collecting taxes violated due process of Fourteenth Amendment).

Here, Plaintiff's complaint opens by alleging that the individual Defendants unlawfully stole his private property by making false claims and using their positions in the New Mexico Taxation and Revenue Department. Plaintiff alleges Defendants violated the rules of the Department and their sworn oaths. **Doc. 1 at 3.** He also alleges that they "committed perjury of

their sworn oaths to uphold the laws and rules as set forth by New Mexico legislature, the Constitution…" *Id.,* and that Defendants "claim that PIT (personal income tax) forms show that I owe something yet they have refused to verify who provided them with such forms or even produce them for viewing." *Id.* **at 3-4.** He alleged Defendants violated his Fourteenth Amendment rights, and committed fraud and extortion. It is clear from the rest of the complaint that his claims and alleged damages arise from tax collection actions. **Doc. 1 at 5.**

Therefore, the Court concludes that it did not misconstrue Plaintiff's complaint, and declines to alter or amend the judgment. Therefore, Plaintiff's objection is overruled.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Order and Decree (**Doc. 58**) is **OVERRULED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE